IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **D&M CARRIERS LLC d/b/a FREYMILLER,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**STEVENS TRANSPORT, INC., & ERIC T. CARTER, JR.,**<br><br>    **Defendants.** | Case No. 3:24-CV-01560-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff D&M Carriers LLC d/b/a Freymiller ("Plaintiff" or "Freymiller") move to remand this action to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. (Doc. 8). Defendants Stevens Transport, Inc. ("Stevens") and Eric T. Carter ("Carter") (collectively "Defendants") filed a response in opposition to remand on August 20, 2024. (Doc. 9). Freymiller filed a reply on September 3, 2024. (Doc. 10).

## BACKGROUND

This action arises out of a collision between two tractor trailers in the eastbound lanes of Interstate 70 in Bond County, Illinois. (Doc. 1-2 at ¶¶ 8-11). On January 30, 2024, Carter, in his capacity as Stevens's agent, allegedly parked his tractor trailer in the shoulder lane of Interstate 70 after it sustained a flat tire. *Id.* at ¶ 9. At some point, Carter reentered the driving lanes of Interstate 70 eastbound with the flat tire and began driving at a "very low speed" below the minimum threshold of 45 miles per hour. *Id.* at ¶ 10.

Shortly thereafter, a tractor trailer belonging to Freymiller allegedly collided with Carter's, resulting in a minimum of $237,000 in property damage to Freymiller. *Id.* at ¶¶ 11, 13.

On May 14, 2024, Freymiller filed this action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. (Doc. 1-2). Freymiller's complaint advances one count of negligence against each Defendant. *Id.* In support of each claim, Freymiller contends that Defendants are liable because Carter allegedly (i) failed to "keep a proper lookout for other traffic upon the roadway"; (ii) operated a tractor trailer with a flat tire; (iii) "attempted to merge into traffic when it was not safe to do so"; and (iv) operated a tractor trailer "at a speed less than the minimum speed limit allowed to drive on the interstate highway." *Id.* at ¶¶ 12, 14.

On June 21, 2024, Defendants removed the action to this Court, invoking federal diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1). Defendants contend that the parties are completely diverse because the complaint identifies Plaintiff as an Oklahoma limited liability company whose principal place of business is in Oklahoma, whereas Defendants are citizens of Texas. *Id.* at ¶¶ 10, 11. Each Defendant filed a corporate disclosure statement under Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, identifying themselves as citizens of Texas.[1] (Docs. 3 & 4). Plaintiff filed its own Rule 7.1 statement indicating that it was a limited liability company whose members included

---

[1] As a natural person, Carter was not required to file a Rule 7.1 statement because the Rule only applies to "any nongovernmental entity that is not an individual, including, but not limited to, a corporation, limited liability company, sole proprietorship, partnership, firm, joint venture, trust, or similar entity." SDIL-LR 7.1-1(a)(1).

citizens of Texas. (Doc. 7). Thus, the issue raised by Plaintiff's motion to remand is whether the parties to this lawsuit are completely diverse. If they are not, then remand is required because the Court will be without subject matter jurisdiction to hear the case. 28 U.S.C. § 1447(c).

## DISCUSSION

Federal courts have original jurisdiction over all actions between "citizens of different States" where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). To proceed on this jurisdictional basis, the Court must satisfy itself that complete diversity of citizenship exists and that the amount in controversy requirement is satisfied.[2] *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023); *Webb v. FINRA*, 889 F.3d 853, 856 (7th Cir. 2018). "Complete diversity exists only if none of the defendants has the same citizenship as any plaintiff." *City of E. St. Louis*, 83 F.4th at 1070.

As a natural person, Carter is a citizen of the state in which he is domiciled—*i.e.*, where he has a "true, fixed home and principal establishment, and to which, whenever [he is] absent from the jurisdiction, [he has] the intention of returning." 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (3d ed. 2021); *see also Gilbert v. David*, 235 U.S. 561, 568-69 (1915) (discussing concept of domicile). There appears to be no dispute that Carter is a citizen of Texas.

---

[2] The amount in controversy does not present any jurisdictional obstacles. Plaintiff alleges that it sustained at least $237,000 in property damage. This is sufficient to show that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also Sykes v. Cook Incorporated*, 72 F.4th 195, 205 (7th Cir. 2023) (amount in controversy is satisfied "unless an award for the jurisdictional minimum would be legally impossible.").

It is also black letter law that a corporation, like Stevens, is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). The parties do not dispute that Stevens is a citizen of Texas because it is incorporated and has its principal place of business there. Both Defendants are thus citizens of Texas. This means that if Plaintiff is also a citizen of Texas, complete diversity would be defeated, and this Court would be without subject matter jurisdiction to hear the case. *City of E. St. Louis*, 83 F.4th at 1070.

According to its Rule 7.1 statement, Freymiller is a limited liability company. The citizenship of a limited liability company is based on the citizenships of its members, *Page v. Democratic Nat'l Comm*, 2 F.4th 630, 635 (7th Cir. 2021), which must be "traced through as many levels as necessary until reaching a natural person or a corporation" *City of E. St. Louis*, 83 F.4th at 1070. Here, one must look through at least six corporate layers, to identify the citizenships of Freymiller's members: Freymiller is wholly owned by OBS Holdings, LLC – OBS Holdings, LLC is wholly owned by Chill Acquireco, LLC – Chill Acquireco, LLC is wholly owned by Chill Midco, LLC – Chill Midco, LLC is wholly owned by Chill Topco, LLC – Chill Topco, LLC is wholly owned by four other limited liability companies, including KJM/FM, LLC ("KJM") and Chill Management Aggregator, LLC ("Chill Management"). (Doc. 7). KJM and Chill Management are partially owned by one or more citizens of Texas. *Id.* This tracing exercise reveals that at least one and possibly more members of Freymiller are citizens of Texas, which defeats complete diversity under 28 U.S.C. § 1332(a).

Defendants contend that this Court may nevertheless exercise diversity

jurisdiction over this case because Plaintiff is an Oklahoma limited liability company with its principal place of business in Oklahoma. And because Plaintiff "has yet to provide any documentary evidence" supporting its Texas citizenship, so Defendants' argument goes, complete diversity is satisfied based on the face of the complaint. (Doc. 9 at 1). This argument turns the jurisdictional analysis on its head. "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). In other words, it is not Plaintiff's burden to *disprove* diversity; it is Defendants' burden to support it.

Defendants' contention that complete diversity exists is based on a misunderstanding of federal subject matter jurisdiction. As noted, Plaintiff's citizenship is determined by its members, not its state of organization and principal place of business. *Page*, 2 F.4th at 635; *see also Trowbridge v. Dimitri's 50's Diner LLC*, 208 F. Supp. 2d 908, 910 (N.D. Ill. 2002) (recognizing that for purposes of diversity jurisdiction, "the place of organization and principal place of business of a limited liability company are irrelevant."). Plaintiff has explained its layered membership structure and identified individuals within it who are citizens of Texas. The record thus supports a finding that Plaintiff is a citizen of Texas. Defendants, on the other hand, have presented no evidence to refute this conclusion. They are thus unable to meet their burden of demonstrating this Court's subject matter jurisdiction. *See Boyd v. Phoenix Funding Grp.*, 366 F.3d 524, 529 (7th Cir. 2004) ("[T]he party seeking to invoke federal jurisdiction . . . bears the burden of demonstrating that removal is proper.").

Without a basis to exercise subject matter jurisdiction over this case, the Court is compelled to remand it to its court of origin.

## CONCLUSION

For these reasons, Freymiller's motion to remand (Doc. 8) is **GRANTED**. The Court **REMANDS** this entire action to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:   October 17, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**